# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FASTVDO LLC, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> AT&T MOBILITY, LLC, § <br> AT&T SERVICES, INC., and § <br> APPLE INC., § <br> § <br> Defendants. § <br> § | Civil Action No. 2:15-cv-921-RWS-RSP <br><br> **JURY TRIAL REQUESTED** |

## DEFENDANTS AT&T MOBILITY, LLC'S AND AT&T SERVICES, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE AND JOINDER IN APPLE INC.'S MOTION TO TRANSFER

FastVDO's characterization of its infringement allegations against AT&T contradicts its Amended Complaint. FastVDO does not dispute that AT&T resells the accused products after receiving them from Apple, the manufacturer. Well-established principles of judicial economy overwhelmingly support allowing AT&T, the carrier, to proceed in the same forum as Apple. Dkt. 40 ("Mot.") at 1-3. Accordingly, AT&T has not sought to be transferred separately from Apple, but has instead joined and incorporated by reference Apple's motion. FastVDO's arguments as to the alleged insufficiency of AT&T's grounds for transfer miss the point. FastVDO does not attempt to explain why, if Apple is transferred, AT&T should not be as well.

### I. FASTVDO'S ALLEGATIONS ARE LIMITED TO ALLEGED INFRINGEMENT OF APPLE PRODUCTS

FastVDO's infringement allegations as to AT&T as set forth in its Amended Complaint are limited to Apple products. The Amended Complaint does not allege that AT&T is liable for the sale of products manufactured by any other, non-Apple defendant in any of the related cases,

nor is AT&T itself a defendant in any of those cases. FastVDO's Opposition mischaracterizes its allegations in an effort to confuse the issues relevant to transfer.

FastVDO's Amended Complaint confirms that FastVDO's allegations against AT&T are limited to alleged infringement by Apple products, including the iPhone series. The Amended Complaint defines "Accused Devices" in the paragraph directed solely to Apple and its products: "*Apple*, in violation of 35 U.S.C. § 271, has infringed and continues to directly infringe one or more claims of the '482 patent, in this District and elsewhere in the United States, *by manufacturing, using, selling, offering for sale, and/or importing products that utilize*, for example, unequal error-protection coding, including products that comply with Adaptive Multi-Rate ('AMR') and Adaptive Multi-Rate, Wide-Band ('AMR-WB') protocols, *such as the iPhone smartphone series, and any such reasonably similar products (collectively, the 'Accused Devices'*)." Dkt. 32 ¶ 17 (emphasis added). Similarly, FastVDO's allegations specific to AT&T are limited to those same Accused Devices—the Apple products, including the iPhone smartphone series: "AT&T, in violation of 35 U.S.C. § 271, has infringed and continues to directly infringe one or more claims of the '482 patent, in this District and elsewhere in the United States, by manufacturing, using, selling, offering for sale, and/or importing *the Accused Devices, including by selling and offering for sale the iPhone smartphone series*." Dkt. 32 ¶ 19 (emphasis added). The Amended Complaint does not set forth any infringement allegations other than those directed to Apple products.

FastVDO's Opposition attempts to confuse the issues by arguing that "any reasonable reading" of the Amended Complaint includes a "wide variety of infringing smartphone[s]" and is not limited to Apple products. Dkt. 53 ("Opp'n.") at 3. There is no allegation in the Amended Complaint, however, that mentions any other, non-Apple manufacturer (*e.g.*, Samsung, NEC, or

ZTE), or infringement based on sales of devices from any other, non-Apple manufacturer. This makes sense because no other, non-Apple manufacturer is a defendant in this case. Conversely, neither Apple nor AT&T is a defendant in any of the related cases, and the infringement allegations in those cases do not mention Apple or AT&T. Moreover, if FastVDO's allegations did extend to non-Apple manufacturer devices, such allegations would be inappropriate under 35 U.S.C. § 299 or Fed. R. Civ. P. 18, 20, or 21. Thus, no "reasonable reading" of the Amended Complaint supports FastVDO's argument that AT&T's alleged infringement includes its sales of devices manufactured by other, non-Apple defendants in related cases.

## II.     THE ANALYSIS OF THE PENDING MOTION IS PROPERLY FOCUSED ON APPLE'S EVIDENCE BECAUSE AT&T IS A PERIPHERAL DEFENDANT

FastVDO's Opposition confirms that AT&T is merely a peripheral defendant, and thus that the transfer analysis is properly focused on Apple's evidence.

FastVDO's Opposition confirms that AT&T is a peripheral defendant. FastVDO states that AT&T "markets, offers for sale, and sells" the allegedly infringing products. Opp'n. at 3. Because any reasonable reading of the Amended Complaint limits the allegedly infringing products to Apple's products, AT&T's alleged marketing, offers for sale, and selling of Apple products makes it a peripheral defendant in this case. *See* Mot. at 1-3. FastVDO's cited case law in which AT&T was more than a peripheral defendant is therefore inapposite. *See, e.g., Cell & Network Selection, LLC v. AT&T Mobility LLC*, No. 6:11-CV-706 LED-JDL, 2013 WL 1855972, at *4 (E.D. Tex. Apr. 29, 2013) (noting plaintiff's argument that AT&T's documents and witnesses may be relevant because "AT&T operates and controls the network on which the accused devices operate to allegedly meet the network claim limitation of the [Asserted Patent]" when considering the relative ease of access to sources of proof); *Adaptix, Inc. v. AT&T Mobility LLC,* No. 6:15-CV-00043-RWS-JDL, 2015 WL 5908525 (E.D. Tex. Oct. 1, 2015) (denying

motion to transfer where AT&T was the sole defendant in the case and was alleged to have infringed via its use, offering for sale, and selling of cellular communication devices of various manufacturers and by "using its network to operate those devices" (*see* Case No. 6:15-CV-00043, Dkt. 16 (Am. Compl.) ¶¶ 11-12)). AT&T disagrees with FastVDO's characterization of those cases, but regardless, there are no such allegations here under any reasonable reading of the Amended Complaint.

FastVDO's identification of Georgia and Texas employees is a further effort to confuse the issues with irrelevant information. For instance, FastVDO states without support that each of these individuals has "likely evidence" of AT&T's alleged infringement. Opp'n. at 5. However, FastVDO does not attempt to explain any alleged relevance of those employees to the allegations in its Amended Complaint. Instead, FastVDO relies solely on LinkedIn profiles, which in many instances simply list a job title. *See, e.g.,* Dkt. 53, Exs. 5-7. These cursory arguments are wholly insufficient to overcome FastVDO's own allegations, as set forth in its Amended Complaint, that demonstrate that AT&T is a peripheral defendant.

As AT&T is merely a peripheral defendant, whose alleged infringement is based solely on sales of allegedly infringing Apple devices, the Court's transfer analysis is properly focused on Apple's evidence. *See* Mot. at 1-3.

### III. AT&T INCORPORATES APPLE'S REPLY BRIEF

FastVDO addresses several arguments that AT&T incorporated by reference from Apple's motion. Opp'n at § III(c). AT&T similarly incorporates by reference Apple's reply brief, and for brevity does not repeat Apple's arguments here.

**IV.     CONCLUSION**

For the foregoing reasons, as well as those set forth in AT&T's motion and in Apple's motion and briefing incorporated by reference, this case should be transferred to the Northern District of California.

Dated:  January 22, 2016                                        Respectfully submitted,

By: */s/ Christopher W. Kennerly*

Christopher W. Kennerly
TX Bar No. 00795077
Lindsay M. White
CA Bar No. 261610 (*Pro Hac Vice*)
Evan M. McLean
CA Bar No. 280660 (*Pro Hac Vice*)
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304
Telephone: 650-320-1800
Facsimile: 650-320-1900
chriskennerly@paulhastings.com
lindsaywhite@paulhastings.com
evanmclean@paulhastings.com

Harry Lee Gillam, Jr.
TX Bar No. 07921800
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Email: gil@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

*Attorneys for Defendants AT&T Mobility, LLC and AT&T Services, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 22, 2016.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly